IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

EDWARD TILLMAN, :
    Petitioner, :
 :
v. : No. 2:18-cv-01030
 :
MARK CAPOZZA, SUPERINTENDANT; :
THE DISTRICT ATTORNEY OF THE :
COUNTY OF MONTGOMERY; and :
THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
    Respondents. :

---

# **O R D E R**

**AND NOW**, this 12th day of July, 2019, after de novo review of Petitioner Edward Tillman's petition for writ of habeas corpus, ECF No. 1; the state court record, ECF No. 6; the Report and Recommendation ("R&R") of Magistrate Judge Thomas J. Rueter, ECF No. 26; and Tillman's objections to the R&R, ECF No. 32, **IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation, ECF No. 26, is **APPROVED** and **ADOPTED**;[1]

    2.    The objections, ECF No. 32, to the Report and Recommendation are **OVERRULED**;[2]

---

[1] When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

[2] Tillman argues, *inter alia*, that the Criminal Complaint was not formal notice of the charges and, moreover, that it does not allege with sufficient particularity seventeen counts of

3. The petition for writ of habeas corpus, ECF No. 1, is **DENIED and DISMISSED with prejudice**;

4. There is no basis to issue a certificate of appealability; and

5. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

possession with intent to deliver. He further contends that the Information (formal charging document) failed to provide adequate notice because there are no dates, locations, or other specific details. He claims that the trial court lacked subject matter jurisdiction and that his plea was involuntary. *See* Objs. 4-22.

After de novo review, the Court rejects his arguments. Contrary to his assertions, both the Criminal Complaint and the Information list seventeen counts of possession with intent to deliver occurring between April 2013 and April 2014 in Montgomery County and in Philadelphia County, Pennsylvania. *See* Criminal Complaint, ECF Nos. 6-61, 6-64 (Police Criminal Complaint listing "17" counts of possession with intent to deliver and containing a forty-two page Affidavit of Probable Cause detailing the activities of the "Tillman drug trafficking organization."); Information, ECF No. 6-69 (Information dated November 21, 2014, listing a possession with intent to deliver charge in each of Counts 2 through 18 that occurred "between Tuesday, the 30th day of April, 2013 and Monday, the 31st day of March 2014, in said Counties of Montgomery and Philadelphia"). The Information was legally sufficient to confer subject matter jurisdiction to the trial court. *See* Pa. R. Crim. P. 560(B)(3)-(5) (The information is "sufficient in law if it contains . . . the date when the offense is alleged to have been committed . . . an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;" "the county where the offense is alleged to have been committed;" and "a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint."). Further, as both the state court and Magistrate Judge Rueter explained, the additional facts provided by the probable cause affidavit, as well as the colloquy, recitation of facts, and documentation connected with Tillman's guilty plea, establish that his guilty plea was in fact knowing and voluntary.

Tillman's remaining arguments are either erroneous, such as his suggestion that he had to be arrested seventeen separate times, or are denied for the reasons set forth in the R&R, including the Magistrate Judge's conclusion that his ineffective assistance of appellate counsel claim is procedurally barred.